## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **TIFFANY DELANE f/k/a TIFFANY DOBSON,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 17-cv-7401** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **COOK COUNTY HEALTH AND HOSPITALS SYSTEMS, and COUNTY OF COOK** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | **JURY DEMANDED** |

## COMPLAINT

**NOW COMES** Plaintiff, TIFFANY DELANE f/k/a TIFFANY DOBSON, by and through her attorney, Arthur R. Ehrlich of the Law Offices of GOLDMAN & EHRLICH, CHTD., and as her Complaint against the Defendants, COOK COUNTY HEALTH AND HOSPITALS SYSTEMS, and COUNTY OF COOK, states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C.§ 201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), for Defendant's failure to pay all overtime wages to Plaintiff for all time worked in excess of forty (40) hours in individual work weeks, and for failure to pay Plaintiff minimum wages in violation of the IMWL when Defendants failed to pay Plaintiff when she worked more than 8 hours in a day in violation of the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* ("IWPCA").

2.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C § 1331, arising under 24 U.S.C. § 2 f 6(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district and the parties reside in Cook County. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

**THE PARTIES**

3.     Plaintiff TIFFANY DELANE, f/k/a TIFFANY DOBSON  is a resident of Cook County, Illinois and is employed by Defendants as an employee as defined by Section 3(e)(I) of the FLSA, 29 U.S.C. §203(e)(1).  Plaintiff worked as a Physicians Assistant for Defendants at all times relevant to this complaint at the Primary Care Clinic (PCC) at Defendant's Oak Forest Health Center Location and the Immediate Care Clinic.

4.     Defendant COOK COUNTY HEALTH AND HOSPITALS SYSTEM is a government entity doing business in Cook County.  Defendant COUNTY OF COOK is a body politic organized under the laws of the State of Illinois.  Defendants are an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and are engaged in commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

5.     Defendants were Plaintiff's "employer" within the meaning of 820 ILCS 105/3 of the IMWL and Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

6.     During the course of her employment by Defendants, Plaintiff was paid at an hourly rate and was not exempt from the overtime wage provisions of the IMWL, 820 ILCS 105/1 *et seq.*, or the FLSA, 29 U.S.C. §207.

7.     During the course of her employment, Plaintiff and Defendants engaged in commerce and used goods such as medical supplies and medications when treating Defendants' patients or customers, and such supplies and medications were produced in interstate commerce.

<u>**COUNT I**</u>

**Violation of the Fair Labor Standards Act - Overtime Wages**

8.     Plaintiff was often assigned a high quantity of patients from the later part of 2015 through June of 2017, and often assigned new patients shortly before her shift was supposed to end. Plaintiff was required to work with these patients with little to no assistance and had to continue

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS  60603
(312)332-6733

ARDC # 06187364

monitoring and caring for these patients until they were either discharged from the Immediate Care Clinic or transferred to a hospital of higher acuity before she could punch out and leave work.

9.    Plaintiff was working approximately four hours of overtime each week from the later part of 2015 until June 2017 in order to properly monitor and  insure the safety of her patients.

11.    Plaintiff made frequent complaints about the heavy load of patients.  Instead of paying Plaintiff for her overtime, or provide her the assistance needed so she would only need to work an 8 hour shift so patient safety would not be compromised, Defendant, through one of its managers, changed the time sheets and time entries for Plaintiff to only reflect that she worked 8 hours in order to avoid paying Plaintiff overtime.

12.    Plaintiff complained to Defendants about the failure to pay her overtime and the deletion of her time entries when they exceeded 8 hours in May, June and July 2017.  Defendants acknowledged that it was "illegal" to not pay Plaintiff for her hours worked and , claimed Plaintiff would be paid.  Yet, Plaintiff has not been paid the appropriate overtime rate for all the hours she worked in excess of 40 hours a week.

13.    Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of forty (40) hours, she was entitled to be compensated at a rate of one and one-half times her regular hourly rate of pay.

14.    Defendants did not compensate Plaintiff at a rate of one and one-half times her regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.  Plaintiff was paid an hourly rate of $57.767 and is owed overtime pay for each hour of overtime she worked from 2015 to June 2017.

15.    Defendants' failure and refusal to pay overtime wages for time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act.

16.    Defendants willfully violated the Fair Lobar Standards Act by refusing to pay Plaintiff overtime wages for time worked in excess of forty (40) hours per week.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS  60603
(312)332-6733

ARDC # 06187364

**WHEREFORE**, Plaintiff requests that a judgment be entered against Defendants and in favor of Plaintiff, and that the following relief be awarded:

a.     a judgment in the amount of one and one half times Plaintiff's hourly wage rate for the amount she worked in excess of 40 hours each week;

b.     Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due, and interest;

c.     reasonable costs and attorney fees incurred in filing and prosecuting this action pursuant to statute; and

d.     such other relief as this court deems just and appropriate.

## COUNT II

### Violation of the Illinois Minimum Wage Law - Overtime Wages

1-16     Plaintiff hereby realleges and incorporates paragraphs 1 through 17 of Count I, above, as ¶¶ 1-16 this count II, as if fully set forth herein.

17.     At all relevant times herein, Defendants were Plaintiff s "employer" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' "employee" within the meaning of that Act.

18.     Pursuant to 8201LC5 105/4(a), for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times her regular hourly rate of pay for time worked in excess of forty (40) hours per week.

19.     In addition, Defendants have failed to pay Plaintiff any wages for any time she worked in excess of 8 hours from late 2015 through June of 2017.  Defendants have failed and refused to pay Plaintiff for any of the time she worked on these dates in violation of minimum wage laws, 820 ILCS 105/4.

20.     Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times her regular hourly rate of pay for time worked in excess of forty

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS  60603
(312)332-6733

ARDC # 06187364

4

(40) hours per week and for refusing to pay her minimum wages for any hours in excess of 8 hours from late 2015 to June of 2017.

21.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid overtime wages and unpaid wages from late 2015 to June 2017, plus punitive damages in the amount of two percent (2%) per month of the amount of the under payments.

**WHEREFORE**, Plaintiff requests that a judgment be entered against Defendants and in favor of Plaintiff, and that the following relief be awarded:

a.      a judgment in the amount of one and one half times Plaintiff's hourly wage rate for the amount she worked in excess of 40 hours each week, plus interest;

b.      punitive damages in an amount equal to two percent (2%) per month of the amount of unpaid compensation found due;

c.      reasonable costs and attorney fees incurred in filing and prosecuting this action pursuant to statute; and

d.      such other relief as this court deems just and appropriate

Dated: October 13, 2017                      /s/ Arthur R. Ehrlich
                                             Arthur R. Ehrlich of GOLDMAN &
                                             EHRLICH, as attorney for Plaintiff,
                                             TIFFANY DELANE

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS  60603
(312)332-6733

ARDC # 06187364

Arthur R. Ehrlich (ARDC #06187364)
GOLDMAN & EHRLICH, CHTD.
20 South Clark Street, Suite 500
Chicago, IL 60603
Phone: (312) 332-6733
Fax: (312) 372-7076